**FACCHINE v. HUNTER, Warden.**

**No. 4272.**

United States Court of Appeals
Tenth Circuit.

June 19, 1951.

H. M. Redwine, Oklahoma City, Okl., for appellant.

Eugene W. Davis, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., were with him on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus and refusing to release appellant from confinement in the Leavenworth Federal Penitentiary.

While incarcerated in the penitentiary, appellant was tried and found guilty by the prison Good Time board on a charge of falsifying payroll records in the prison industries where he was employed. As a result, 238 days statutory good time and 52 days earned industrial good time were forfeited. At a subsequent time, he was found guilty of fighting and effecting fraudulent transfers of money by the Good Time board. As a result, an additional 75 days of earned statutory good time were forfeited. It is conceded that without the loss of good time appellant would be entitled to release. If, however, the forfeitures of good time were lawful, he is not entitled to release.

Appellant's position in substance is that falsifying the payroll records constitutes a criminal offense, on which he was entitled to trial in a court of law and that the board was without authority to try him for this criminal offense and that, in any event, the hearing before the Good Time board was not such an unbiased, impartial hearing as is required under the Due Process Clause of the Federal Constitution, Amend. 5.

Certainly the act with which appellant was charged and which resulted in the loss of good time constituted a violation of the duties of the position which he occupied in the penitentiary. It was not necessary that there be a specific prison rule relating thereto, in order to constitute a violation of the rules of the institution, if he in fact made false entries in the books, when it was his duty to keep them correctly. Neither would the fact that his unlawful conduct also constituted a crime for which he could be tried in a court of law militate against the right of the board to hold a hearing and impose penalties of

forfeiture of good time, if found guilty of the charge.[1]

Appellant's contention that the hearing before the Good Time board was arbitrary and capricious so as to result in a denial of due proceess is not well taken. Aside from the presumption of regularity in proceedings before boards and commissions, the trial court after a detailed and complete hearing in which appellant was accorded every opportunity to establish lack of due process, specifically found that appellant was accorded the "hearing contemplated by the applicable statutes" before the Good Time board. There is no showing in the record militating against this finding. We find no reversible error in the record and judgment appealed from is accordingly affirmed.

1. Pagliaro v. Cox, 8 Cir., 143 F.2d 900; United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375; Patterson v. United States, 4 Cir., 183 F.2d 327.