James Curtis McKINNEY, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7982.

United States Court of Appeals Tenth Circuit.

April 30, 1965.

Girts Krumins, Denver, Colo., for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before PICKETT and HILL, Circuit Judges, and CHRISTENSEN, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas, denying the appellant's petition for a writ of habeas corpus. On December 19, 1955, McKinney was sentenced in the United States District Court for the Middle District of Pennsylvania, to serve a term of 12½ years. He is now confined in the United States Penitentiary at Leavenworth, Kansas. The substance of the allegations of his petition is that he has served his sentence and is entitled to release. The petition was dismissed without a hearing.

On July 15, 1963, the United States Board of Parole released McKinney on parole. He was immediately delivered to the state authorities of North Carolina on a detainer lodged by that state with the warden of the United States Penitentiary at Atlanta, Georgia. The record does not show the disposition which North Carolina made of the charges against petitioner, but sometime thereafter he was taken into custody as a parole violator. He is now confined in the United States Penitentiary at Leavenworth, Kansas, where he is serving the remainder of his sentence.

The trial court thought that the petition raised only the question of whether the petitioner was entitled to credit on his sentence for the time spent in state custody. The petition was prepared by McKinney, and giving it the liberal construction which we should, it raises the question of whether statutory and industrial good-time has been properly allowed. This can be determined only by a transcript of good-time allowances which should be furnished by the warden and a determination made by the court.

The order dismissing the petition is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.