James Curtis McKINNEY, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 8486.

United States Court of Appeals
Tenth Circuit.

Feb. 23, 1966.

See also 10 Cir., 344 F.2d 854.

Girts Krumins, Denver, Colo., for appellant.

James R. Ward, Asst. U. S. Atty. Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant, who is presently confined in Leavenworth Penitentiary, brought this appeal from a denial of a petition for habeas corpus. He sought release on the ground that upon revocation of his parole no proceedings were had to specifically forfeit the good time he had accumulated before his release, and being still entitled to it, he should be released.

The record reveals that on July 16, 1963, appellant was paroled from the United States Penitentiary in Atlanta, Georgia, where he was serving twelve and one-half years on consecutive sentences. At the time of his parole, appellant had accumulated statutory and industrial good time allowance.

Appellant was however taken into custody on December 19, 1963, on a parole violator's warrant which had been issued on appellant's failure to meet the terms and conditions of his release in that he had failed to make periodic reports to his parole officer. After appellant was taken into custody, he was transported to Leavenworth Penitentiary. A parole revocation hearing was held shortly

thereafter, and appellant's parole was revoked by the Board, and he was held under the entire remaining term of his sentence. The order makes no mention of good time theretofore earned.

The essence of appellant's argument is that the statutory language relating expressly to the loss of good time allowances indicates that the forfeiture, if any, is permissive. 18 U.S.C.A. § 4165. Thus he urges that a forfeiture requires an affirmative administrative act.

After a prior hearing, this case was remanded for a determination of the good time allowance issue. McKinney v. Taylor, 344 F.2d 854 (10th Cir.). The trial court on remand held a hearing and concluded that the good time earned prior to appellant's release was forfeited by his violation of parole and that no formal action other than revocation of parole was required.

The section of the statute, 18 U.S.C.A. § 4165, upon which appellant relies states that "[i]f during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited." The revisor's notes following the section indicate that the permissive language was included in the revision " * * * in lieu of the mandatory requirement for forfeiture of good time upon conviction for an offense committed during imprisonment." The language of both the statute and the revisor's notes forms the basis of appellant's contention that forfeiture under this statute must be accomplished by some affirmative action or hearing since it is no longer mandatory and, by implication, not automatic.

There appears to be no case in which the procedural requisite for forfeiture of good time allowances under such a contention has been considered, and the legislative history is not particularly helpful. The several related statutory provisions must be considered together.

The parole statutes provide for retaking one who has violated the terms and conditions of his parole, and further provide that "[t]he unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General * * *." 18 U.S.C.A. § 4205. The Board of Parole is also given the authority, after a hearing on the parole violation, to require the prisoner " * * * to serve all or any part of the remainder of the term for which he was sentenced." 18 U.S.C.A. § 4207. The "remaining" or "unexpired" term refers to the number of days left of the original sentence as of the date of parole without subtracting statutory or industrial good time earned, since good time does not reduce the period of the original sentence but instead determines how much of the sentence must be spent within the confines of the prison. Miller v. Taylor, 313 F.2d 21 (10th Cir.); Frierson v. Rogers, 289 F.2d 234 (5th Cir.). Thus it determines when the prisoner is eligible or must be released on parole.

Thus the Board of Parole in its statutory discretion may recommit a parole violator to prison for a length of time the same as the unexpired term, or a shorter period. Taylor v. United States Marshal for Eastern Dist. of Okl., 352 F.2d 232 (10th Cir.). Thus the order by the Board in the case at bar directing that appellant serve the remaining term of his sentence eliminates any credit for good time of whatever nature earned prior to his release on parole.

The permissive language in 18 U.S.C.A. § 4165 [1] must be read with Section 4207, considered above, giving due consideration to the nature of the event causing the forfeiture and what agency undertakes the revocation. See Facchine v. Hunter, 190 F.2d 200 (10th Cir.), and Christianson v. Zerbst, 89 F.2d 40 (10th Cir.) (under the mandatory statute). In any event, even if Section 4165 is ap-

---

1. "If during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

plicable and separately considered, the action of the Board in revoking parole without more must be taken to mean under Section 4207 that appellant was to serve all the remainder of his sentence. This hearing and order constitute sufficient exercise of the permissive authority relative to forfeiture of good time if any such consideration is needed.

Thus the revocation by the Board of Parole authoritatively required appellant to serve the entire balance of his sentence, less any good time thereafter earned, as determined by the trial court.

Affirmed.