George W. **HENNING, Petitioner-Appellant,**

v.

**UNITED STATES of America BUREAU OF PRISONS, Respondent-Appellee.**

No. 72-3158
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

A parole violator's warrant was issued June 13, 1968. After the warrant was executed and petitioner was taken into custody, the United States Board of Parole held a hearing resulting in an order revoking petitioner's parole. The Board's order stated its revocation in plain terms but made no reference to petitioner's prior accumulated good time.

Petitioner sought a writ of habeas corpus, claiming he was entitled to good time accumulated prior to his violation since the Board of Parole's order did not affirmatively state that his good time was forfeited. The district court denied the writ.

Petitioner asserts that a parole order must emphatically state that it is forfeiting all good time. He further urges that an order which is silent as to any credits previously accumulated impliedly authorizes application of those credits to his remaining time. We disagree.

By violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole. Smith v. Blackwell, 367 F.2d 539 (5th Cir., 1966).

The Tenth Circuit resolved the same issue raised here in McKinney v. Taylor, 358 F.2d 689 (1966). The court in *McKinney* held that an order by a parole board directing a prisoner to serve the remainder of his sentence eliminates any credit for good time without the necessity of affirmatively stating such forfeiture.

Absent a contrary indication, a parole board's order revoking parole in unambiguous terms carries with it a forfeiture of all previously accumulated credit.

The judgment of the district court is affirmed.

---

Glenn Zell, Atlanta, Ga. (Court Appointed), for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

On May 9, 1963, petitioner received a ten-year federal sentence following his conviction for bank robbery. He was paroled on March 4, 1968, with 1881 days remaining to be served.