Henry Ford SWICEGOOD,
Petitioner-Appellant,

v.

U.S. PAROLE COMMISSION and Warden Rison, F.C.I., Talladega, Alabama,
Respondents-Appellees.

No. 84–7506
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 20, 1985.

---

Frank W. Donaldson, U.S. Atty., Jack W. Selden, Asst. U.S. Atty., Birmingham, Ala., for respondents-appellees.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

In addition to two five year sentences imposed in 1973, to be served concurrently, petitioner Swicegood, in January 1974, received an additional three year sentence for escape, 18 U.S.C. § 751, to be served consecutively. Due to an oversight, the escape sentence was not aggregated by the Bureau of Prisons until 1978, although it was retroactively implemented as though imposed in January, 1974.

Between 1975 and 1979 petitioner was paroled three times. Each time he violated the parole and parole was revoked, the last revocation being August, 1982. In October, 1982, he received an eighteen month sentence to run concurrently with his other sentences.

In a petition for habeas corpus petitioner complains that he was denied due process by the failure of the Bureau of Prisons to timely aggregate the § 751 sentence. The district court denied habeas corpus relief. We affirm.

Under 18 U.S.C. § 4161, consecutive federal sentences must be aggregated. Here the Bureau of Prisons, through oversight, failed to aggregate petitioner's escape sentence until four years after imposition. Upon discovery of its error, however, the Bureau corrected Swicegood's records retroactively to January, 1974. Petitioner claims the delay in aggregation caused him to lose good time credits. Petitioner, however, because of his parole violation, forfeited any good time credit for time served prior to revocation. *See Trimmings v. Henderson,* 498 F.2d 86 (5th Cir.1974);[1] *Henning v. Bureau of Prisons,* 472 F.2d 1221 (5th Cir.1973) (By violating parole a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole.).

Accordingly, the denial of habeas corpus relief is AFFIRMED.

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.