Lewis L. **BONIFACE**, Petitioner–Appellant,

v.

**P.M. CARLSON, Warden, Federal Correctional Institution, Phoenix, et al., Respondents–Appellees.**

No. 87–2627.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 1988.*

Decided July 31, 1989.

---

* The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Lewis L. Boniface, Phoenix, Ariz., for petitioner-appellant.

Booker T. Evans, Asst. U.S. Atty., and W. Allen Stooks, Asst. U.S. Atty., Phoenix, Ariz., for respondents-appellees.

Before BROWNING and HUG, Circuit Judges, and CURTIS **, District Judge.

PER CURIAM:

The issue raised on this appeal is whether good time earned while in federal custody survives release on parole so as to be available for credit upon a parole violator term. The district court denied petitioner's claim that he is entitled to such credit and we AFFIRM.

** The Honorable Jesse W. Curtis, United States District Judge for the Central District of Califor-

## FACTS

In 1970, the petitioner appearing here in propria persona was sentenced to a term of eight years upon a narcotics charge from which he was paroled after 39 months, with 1,727 days remaining on his sentence.

While on parole, on July 7, 1975, he received a second federal sentence of ten years upon his conviction of illegal possession of explosives and conspiracy.

On December 21, 1978, petitioner was paroled from the ten-year sentence, but remained in federal prison serving out the remaining portion of his 1,727 day parole violator term from which he was apparently again paroled.

In 1982, petitioner was arrested and convicted in the state of Florida for robbery with a weapon and carrying a concealed firearm. While in custody upon the Florida charge his parole on the ten-year sentence was revoked and his new parole violator term included the unexpired terms of both the original eight year and the subsequent ten year federal sentences to be served after his release from state prison.

After he was released from the custody of the Florida prison, and thus available to serve his remaining federal term, the Parole Commission gave him credit toward his presumptive parole date for the 25 months spent in the Florida prison, but did not give him credit upon the aggregate parole violator term for any good time previously earned.

Apparently, the Parole Commission at no time made reference to what if any disposition it was making of the good time. Petitioner now claims that he is presently serving his violator term of 2,389 days toward which he has not been credited with 608 days of good time earned on his original eight-year sentence or the 415 days earned on his ten-year sentence. Thus, he contends he has been denied statutory and industrial good time credit in violation of

nia, sitting by designation.

the due process clause of the fifth amendment.

## DISCUSSION

■ Title 18 U.S.C. § 4163 provides that "a prisoner shall be released at the expiration of his term of sentence less the earned time deducted for good conduct." At such mandatory release date, a prisoner is given credit for any accumulated statutory and industrial good time and conditionally released on supervision "as if released on parole." 18 U.S.C. § 4164. If "during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited." 18 U.S.C. § 4165.

· The Parole Commission's interpretation of the statutory scheme for parole and good time is:

> [T]hat the *only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision* .... Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b) (emphasis added).

The courts have uniformly accepted the Commission's conclusion and have held that good time, both statutory and extra or industrial good time, earned during the original incarceration does not survive a parole release and cannot be credited upon a parole violator's sentence. The courts, however, have not been uniform in expressing the conceptual basis for their rulings. Some courts have held that upon an early release on parole all good time is "forfeited." *Mandel v. Heritage*, 267 F.2d 852, 853 (9th Cir.1959); *Miller v. Hadden*, 811 F.2d 743, 747 (2nd Cir.1987); *Culp v. Keohane*, 822 F.2d 641, 642 (6th Cir.1987);

*Wilkerson v. United States Board of Parole*, 606 F.2d 750, 751 (7th Cir.1979) (per curiam); *Lambert v. Warden*, 591 F.2d 4, 8 (5th Cir.1979) (per curiam).

Prior to 1976, the Board of Parole was authorized, upon revocation of parole, to "forfeit" a parolee's previously earned good time credits. However, in 1976, Congress reorganized the federal parole structure, and in the process deleted the language which previously expressly authorized forfeiture of good time upon parole revocation. Despite this omission some courts have continued to interpret the statute as authorizing the Commission to "forfeit" good time credits. *See Lambert v. Warden*, 591 F.2d at 8. In 1985, however, the Commission amended its regulation stating that pre-parole good time would not be credited after a parole violation on the theory that the good time was "used up."

The explanatory statement accompanying these regulations states that:

> [t]his amendment does not amount to a new interpretation by the Parole Commission. Rather it formalizes the long-standing interpretation of the parole and good time laws by the Commission and its predecessor the U.S. Board of Parole. The practice of the federal paroling authorities and the Bureau of Prisons for many years has been to treat previously earned good time as being "used up" once a prisoner is placed on supervision by parole or mandatory release.

50 Fed.Reg. 46,282–83 (November 7, 1985).

Petitioner rejects the Commission's "used up" theory, as well as the "forfeiture" theory, arguing that his right to good time is a property right which cannot be taken from him either by forfeiture or by deeming it "used up" without affording him appropriate due process procedures.

Petitioner misconstrues the nature of the right conferred by section 4163. That section requires the government to mandatorily release an inmate on or before the end of his term of sentence less good time. Such a release comes about without any parole function and is merely an automatic reward for good behavior. Additionally, Congress

has authorized the Parole Commission in an appropriate case to further shorten the inmate's incarceration by releasing him on parole before the mandatory release date. In the event of parole the inmate's period of incarceration ends and the inmate has received all that he is entitled to. On the other hand, the government's obligation to release the inmate has been fully satisfied. In this sense the Commission's regulation which considers that the good time has been "used up" seems appropriate. *See Raines v. U.S. Parole Commission*, 829 F.2d 840–44 (9th Cir.1987).

Because good time credits no longer exist after parole or mandatory release, the failure to honor such credits following a parole violation is not a "forfeiture" to which the protections of the due process clause might apply. Upon being sentenced as a parole violator, an inmate begins a new term upon which he is entitled to credit for only such good time as he earns during the period of his incarceration as a parole violator.

▪ Petitioner's further claim that the district court erred in adopting the magistrate's recommendation without a written opinion is without merit since the necessity of a separate opinion is entirely within the discretion of the judge.

▪ Petitioner also objects that the court did not address all the issues presented in the petition. Apparently the magistrate did not discuss the distinction between statutory good time and earned good time, a point argued by the petitioner. This contention is without merit since the distinction is not relevant in the context of this case.

The decision of the district court is AFFIRMED.