**James Eugene BOOTH, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 92–8609**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 4, 1993.

**1172**

James Eugene Booth, pro se.

William Louis McKinnon, Jr., Asst. U.S. Atty., Atlanta, GA, for respondent-appellee.

Before HATCHETT, ANDERSON and COX, Circuit Judges.

PER CURIAM:

James Booth appeals from the district court's denial of his *pro se* motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. After pleading guilty to transporting stolen goods in interstate commerce, Booth was sentenced to ten years imprisonment on July 27, 1983. Before being released on parole on January 8, 1988, Booth had accumulated 710 days of statutory good time credit. On August 1, 1988, Booth was reincarcerated for a parole violation. He subsequently discovered that the good time credits he had earned would not be available to reduce his sentence. Booth filed a motion to vacate his sentence in the United States District Court for the Northern District of Georgia, alleging that his good time credits were illegally forfeited upon his prior parole and that this action, taken without notice, violated his right to due process. The district court denied Booth's motion.

28 C.F.R. § 2.35(b) addresses the issue of whether good time credits may be applied to shorten a prisoner's period of incarceration following a parole violation. That regulation holds that good time credits do not survive conditional release, and may not be used either to shorten the period of supervision following conditional release or to shorten the period of imprisonment that may be imposed for a parole violation:

> It is the Commission's interpretation of the statutory scheme for parole and good time that the only function of good time credits is to determine the point in a prisoner's sentence when, in the absence of parole, the prisoner is to be conditionally released on supervision, as described in subsection (a). Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b) (1992). Section 2.35 was amended in 1985 to set forth the Commission's interpretation of the interaction between the parole statutes and the prison good time statutes. 50 Fed.Reg. 46, 282 (1985). At that time, the Parole Commission explained that the amendment was not a new interpretation of the law, but rather a formalization of the Commission's long-standing practice of treating good time credits as being "used up" once a prisoner is paroled or given mandatory release. *Id.* The Commission noted that its practice had not been to order the "forfeiture" of good time, although the result would be the same whether the time was considered used up or forfeited. *Id.*

Agency regulations are entitled to great deference. *Chevron U.S.A., Inc. v.*

*Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984). We must also defer to a federal agency's construction of its own regulation unless it is plainly erroneous or inconsistent with the language and purpose of the regulation. *Parker v. Bowen,* 788 F.2d 1512 (11th Cir.1986). Because we conclude that the Parole Commission's regulation and explanatory material concerning the viability of good time credits following parole are reasonable, we will follow their dictates. Under the regulation, all of Booth's good time credits were used up when he was released on parole. They were thus unavailable to reduce the sentence he received for his parole violation.[1] *See Boniface v. Carlson,* 881 F.2d 669 (9th Cir.1989) (following 1985 amendment to regulation and holding that good time used up when prisoner paroled); *Ray v. Brewer,* 808 F.2d 19 (7th Cir.1986) (same).[2]

AFFIRMED.

---

1. Case law in the former Fifth Circuit held that a prisoner forfeited all good time credit when he violated parole. *Henning v. United States Bureau of Prisons,* 472 F.2d 1221 (5th Cir.1973). Prior to the 1985 amendment to 28 C.F.R. § 2.35, this court also followed that line of cases. *Swicegood v. United States Parole Com.,* 755 F.2d 880 (11th Cir.1985). As the Commission pointed out, the end result is the same whether one considers a prisoner's good time credits to be used up at the time of release or forfeited as a consequence of a parole violation. 50 Fed.Reg. 46,282 (1985).

2. Booth's other arguments are without merit and warrant no discussion.