36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Wayne PORTER, Defendant-Appellant.
 No. 94-50087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1994.*
Decided Sept. 22, 1994.
 
 Before: SNEED, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Wayne Porter appeals the district court's denial of his motion to terminate his term of supervised release, which was imposed as part of his sentence for possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 On April 15, 1987, Porter was sentenced to eight years in prison followed by a special parole term of ten years, for possession with intent to distribute cocaine base on December 27, 1986. On August 23, 1987, the district court corrected Porter's sentence by replacing the special parole term with a ten-year term of supervised release. On September 26, 1991, Porter's prison term was modified from eight years to six and one-half years, with a ten-year term of supervised release. On October 2, 1991, Porter was mandatorily released from prison pursuant to 18 U.S.C. Sec. 4163, having earned statutory and extra good time credit under 18 U.S.C. Secs. 4161 and 4162. As a pre-guidelines offender subject to 18 U.S.C. Sec. 4164, Porter was ordered to remain under the jurisdiction of the United States Parole Commission until December 30, 1992, a period of time which represented the full term of his sentence less 180 days.
 
 
 4
 On October 1, 1992, the United States Parole Commission revoked Porter's mandatory release for violating various terms of his release. Porter was returned to custody as a mandatory release violator. On March 19, 1993, Porter was mandatorily released from prison pursuant to 18 U.S.C. Sec. 4163, and began serving a ten-year term of supervised release. On November 30, 1993, Porter was ordered to show cause why his supervised release should not be revoked after having tested positive for drugs in April, May, and August of 1993. In response, Porter filed a motion to terminate his supervised release on December 27, 1993. The district court denied the motion on January 24, 1994, and Porter timely appealed.
 
 
 5
 Porter argues that his supervised release began upon his mandatory release from prison on October 2, 1991, and that the revocation of his release by the Parole Commission on October 1, 1992, and his resulting incarceration terminated his supervised release. Specifically, Porter contends that by commencing his supervised release on October 2, 1991, the Parole Commission's order of incarceration on October 1, 1992 terminated his supervised release. Porter cites United States v. Behnezhad, 907 F.2d 896, 898 (1990), and 18 U.S.C. Sec. 3583 as support for this proposition. In Behnezhad, however, this court interpreted 18 U.S.C. Sec. 3583 as applicable to a case under the Sentencing Guidelines. Behnezhad, interpreting 18 U.S.C. 3583, held that if a sentencing court revokes a defendant's supervised release and sentences him to a period of incarceration, the court cannot impose another term of supervised release. Since, however, Porter's offense occurred on December 27, 1986, Porter's case is a pre-guidelines case, and his reliance on Behnezhad and Sec. 3583 is misplaced.
 
 
 6
 As the government points out, the Parole Commission had the authority to revoke Porter's mandatory release pursuant to 18 U.S.C. Secs. 4163 and 4164. Under 18 U.S.C. Sec. 4163, a prisoner shall be released at the expiration of his sentence less the time deducted for good conduct. Under 18 U.S.C. Sec. 4164, a mandatory releasee "shall, upon release, be deemed as if released on parole until the expiration of the maximum term ... for which he was sentenced less 180 days." 18 U.S.C. Sec. 4164. Thus, release is conditional. Prisoners released mandatorily are subject to the Parole Commission's supervision exactly as if they had been paroled. McQuerry v. United States Parole Comm'n, 961 F.2d 842, 845 (9th Cir.1992); Boniface v. Carlson, 881 F.2d 669, 672 (9th Cir.1990) (after revocation of mandatory release, prisoner is resentenced as a parole violator).
 
 
 7
 Porter was mandatorily released from custody on October 2, 1991, because he had earned statutory and good time credits under 18 U.S.C. Secs. 4161 and 4162. As a mandatory releasee, Porter was subject to the supervision of the Parole Commission until December 30, 1992, his complete prison term. See 18 U.S.C. Sec. 4164; Boniface, 881 F.2d at 672. Therefore, the Parole Commission acted within its lawful authority, pursuant to Sec. 4164, when it revoked Porter's mandatory release on October 1, 1992, and ordered him reincarcerated until March 19, 1993, when he actually completed his prison term. See 18 U.S.C. Sec. 4164. Accordingly, the district court correctly denied Porter's motion to terminate his supervised release because Porter was not released from prison for purposes of his supervised release until the expiration of his prison term.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3