**Jon Robert PERROTON, Petitioner— Appellant,**

v.

**Cameron LINDSAY, Warden FCI Lompoc, Respondent— Appellee.**

No. 03–56209.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 19, 2004.

Jon Robert Perroton, Lampoc, CA, for Petitioner–Appellant.

Nancy B. Spiegel, Esq., Jolie F. Zimmerman, Esq., Los Angeles, CA, for Respondent–Appellee.

Before: CANBY, KOZINSKI and PAEZ, Circuit Judges.

MEMORANDUM **

Jon Robert Perroton appeals pro se the district court's dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

Perroton contends that his due process rights are being violated because the Bureau of Prisons refuses to shorten his sentence that was imposed after his parole violation by the 669 days of good time credit which he earned before he was released on parole. The district court dismissed his petition based on his failure to exhaust administrative remedies.

Because Perroton has now fully exhausted his administrative remedies, we choose to address the merits. *See Bonin v. Calderon*, 77 F.3d 1155, 1157 (9th Cir.1996) ("We may affirm on any ground supported by the record, even if it differs from the rationale of the district court"). We affirm the district court's denial of Perroton's petition because his good time credits were properly applied before he was released on parole and he is not entitled to further relief. *See Boniface v. Carlson*, 881 F.2d 669, 672 (9th Cir.1989) ("Because good time credits no longer exist after parole or mandatory release, the failure to honor such credits following a parole violation is not a "forfeiture" to which the protections of the due process clause might apply").

The government's motion to expand the record is denied as moot.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.