[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15737
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-02429-CV-CC-1

LONNIE DENNIS,

Plaintiff-Appellant,

versus

UNITED STATES BUREAU OF PRISONS,
UNITED STATES PAROLE COMMISSION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 1, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Lonnie Dennis, proceeding pro se, seeks relief from his sentence and parole restrictions via a writ of mandamus pursuant to 28 U.S.C. § 1361. Petitioner alleges that Respondents, the Federal Bureau of Prisons and the U.S. Parole Commission, incorrectly computed his sentence by failing to account for good credits earned and that his continued custody via parole is unlawful. We disagree and affirm the judgment of the district court.

## BACKGROUND

Dennis was convicted of armed bank robbery and sentenced to 45 years' imprisonment in 1978. After earning good time credits, Dennis was paroled in 1989. He violated his parole and was re-incarcerated. He was paroled again in 2000 and 2003, and each time violated his parole. He is currently on parole.

In June 1999, Dennis filed a petition for writ of habeas corpus, alleging that his release date had been improperly calculated. The court dismissed the petition for failure to exhaust remedies. Dennis v. United States Parole Comm'n, No. 1:99-CV-1505-WBH (N.D. Ga. 1999) ("Dennis I").

In 2003, Dennis filed a civil action seeking an injunction ordering the parole commission to apply his good time credits to reduce his sentence so as to remove his parole restrictions. See Dennis v. Ashcroft, No. 1:03-CV-1482-CC (N.D. Ga. 2004) ("Dennis II"). The court construed his action as a petition for writ of habeas

2

corpus, found that Dennis had again failed to exhaust administrative remedies, and dismissed the claim for lack of jurisdiction. Id. The court found, alternatively, that Dennis would not be entitled to relief on the merits because the good credits earned during incarceration were forfeited upon his acceptance of parole. Id.

For a third time, in November 2005, Dennis filed suit alleging that the Bureau of Prisons and the Parole Commission violated his constitutional rights by failing to account for his good time credits when computing his sentence. See Dennis v. Gonzales, No. 1:05-CV-2905-CC-CCH (N.D. Ga. 2006) ("Dennis III"). Dennis' claim stated that the forfeiture of credits violated Title VII and the U.S. Constitution. Id. The court, adopting the recommendation of the Magistrate Judge, dismissed Dennis' Title VII claim because, *inter alia,* Dennis was not an employee. Id. The court construed Dennis' assertions of constitutional violations as claims brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).[1] Id. The court dismissed these claims because Dennis had failed to exhaust the Bureau of Prison's administrative procedures for relief, thus depriving the court of jurisdiction. Id. The court also found that, if it had jurisdiction, Dennis' claims would fail because the good

---

[1] The Magistrate Judge also noted that Dennis' petition rested on the same grounds as were alleged in his previous habeas petition.

3

credits Dennis earned while incarcerated were extinguished when he was released on parole. Id.

Dennis filed the present action in October 2007. Under the caption of "mandamus relief," Dennis here seeks the same relief he sought in Dennis I, Dennis II, and Dennis III: a recalculation of his sentence based on his earned good-time credits. In addition, Dennis seeks an order requiring Respondents to produce a record of the correct computation of his sentence.

The district court construed Dennis' request for relief from the allegedly improper sentence as a petition for habeas relief under 28 U.S.C. § 2241. The court then concluded that Dennis was barred from seeking such relief as he had litigated the same issue on three previous occasions and had failed to obtain authorization for filing a successive habeas petition pursuant to 28 U.S.C § 2244. The court dismissed the action for lack of jurisdiction. As to Dennis's request for an order requiring Respondents to produce a complete and correct computation of his sentence, the court denied mandamus relief, finding that Dennis had an adequate alternative remedy. The Bureau of Prisons had provided Dennis with an address to which he could write to obtain those records, and the court found that Dennis had not proven that this remedy would be inadequate. Dennis timely appealed.

## STANDARD OF REVIEW

This court reviews <u>de novo</u> the availability of habeas relief under § 2241. <u>Cook v. Wiley</u>, 208 F. 3d 1314, 1317 (11th Cir. 2000). We review the denial of a petition for a writ of mandamus for an abuse of discretion. <u>United States v. Denson</u>, 603 F.2d 1143, 1146 (5th Cir.1979).

## DISCUSSION

The district court properly denied mandamus relief on Dennis' request for a statement reflecting a complete and correct computation of his sentence. "[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases." <u>Carter v. Seamans</u>, 411 F.2d 767, 773 (5th Cir. 1969).[2] "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available." <u>Cash v. Barnhart</u>, 327 F.3d 1252, 1258 (11th Cir. 2003) (quotation omitted). The petitioner carries the burden of showing that its right to the writ of mandamus is clear and indisputable. <u>Carpenter v. Mohawk Industries, Inc.</u>, 541 F.3d 1048, 1055 (11th Cir. 2008). Dennis has not

---

[2] Fifth Circuit decisions rendered prior to September 30, 1981 are binding precedent on this court. <u>See</u> <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981).

demonstrated that he has no adequate alternative remedy for obtaining a statement of the correct computation of his sentence in light of the Bureau of Prison's provision of a name and address whereby the Bureau suggested he might obtain such a statement. By failing to prove that no adequate alternative remedy is available, Dennis has not established a right to mandamus relief.

The court also properly construed Dennis' petition for relief from his sentence as a § 2241 habeas petition. Federal courts "have an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). Dennis seeks relief from his sentence and parole restrictions. Section 2241 is the appropriate avenue to challenge decisions of the Federal Parole Commission and the execution of a sentence. Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 (11th Cir. 2008).

We agree with the district court that successive habeas petitions are procedurally barred unless the petitioner complies with certain procedural requirements that were not followed here. We, however, disagree that Dennis' petition is in fact successive. A habeas petition dismissed without prejudice has not been decided on the merits and is, therefore, not subject to the limitations

6

governing second or successive petitions.  Stewart v. Martinez-Villareal, 523 U.S. 637, 643-44 (1998).  A habeas petition was not decided on the merits where it was dismissed without prejudice for failure to exhaust remedies.  Walker v. Crosby, 341 F.3d 1240, 1245 n.4 (11th Cir. 2003); see also Maharaj v. Sec'y for Dept. of Corrs., 304 F.3d 1345, 1349 (11th Cir. 2002).  Because Dennis' prior petitions were dismissed for failure to exhaust remedies, they do not now bar his present petition as second and successive.

The government argues that Dennis' petition is barred by collateral estoppel because the issue of his entitlement to earned good credits was litigated in Dennis I, II, and III.  We disagree.  Collateral estoppel bars the "relitigation of particular issues which were actually litigated and decided in a prior suit."  Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 (11th Cir. 1990).  Collateral estoppel applies where "(1) the issue was identical in both the prior and current action; (2) the issue was actually litigated in the prior action; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding."  Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1293 (11th Cir. 2003).  Although the issue raised here is identical to the issue raised in Dennis' prior suits, the prior courts' rulings on this issue

7

were alternative holdings and were not "critical and necessary to the judgment"; as such, those prior rulings do not bar relitigation of this question. See A.J. Taft Coal Co., Inc. v. Connors, 829 F.2d 1577, 1580-81 (11th Cir. 1989) (reversing the district court's decision to apply collateral estoppel to an alternative holding).

Dennis' claim, however, fails on the merits.[3] In his petition, Dennis requests relief from his sentence and parole restrictions. Dennis asserts that he was improperly denied the benefit of good-time credits that he earned while incarcerated, prior to his first release from prison on parole. The Parole Commission refused to apply those good time credits because Dennis forfeited when he accepted parole. Federal Regulations state that

> [o]nce an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release.

28 C.F.R. § 2.35(b). Thus, by accepting parole, Dennis extinguished his earned good-time credits, and these credits have no further effect on his sentence or his parole restrictions. This court upheld § 2.35(b) in Booth v. United States, 996

---

[3] "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Powers v. United States, 996 F.2d 1121, 1123-24 (11th Cir. 1993).

8

F.2d 1171, 1173 (11th Cir. 1993), and there is, therefore, no merit to Dennis'

claims that he has been unlawfully deprived of his good time credits.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the dismissal of Dennis' claims.