**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3672
_____

LAMAR COLEMAN,
                                                        Appellant

v.

UNITED STATES PAROLE COMMISSION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00415)
District Judge:  Honorable William J. Nealon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 17, 2016)

_____

OPINION[*]
_____


PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Lamar Coleman appeals from the District Court's order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We will affirm the District Court's judgment.

In May 1974, Coleman was sentenced by the United States District Court for the Eastern District of Michigan to a twelve-year term of imprisonment for armed bank robbery. At his initial hearing, the United States Parole Commission ("Parole Commission") ordered Coleman to serve to the expiration of his sentence. He was mandatorily released in accordance with 18 U.S.C. § 4163 (repealed 1984) on June 19, 1987, at the expiration of his full-term date less his accumulated 1500 days of statutory and extra good time credits. Coleman was subject to supervision "as if on parole" under § 4164 (repealed 1984) until his full term date less 180 days, or January 30, 1991.

Coleman engaged in criminal activity prior to this date. As a result of a state offense, the Parole Commission issued a warrant on July 1, 1988, charging Coleman with armed robbery and possession of a firearm during the commission of a felony, failure to report an arrest, and unauthorized possession of a firearm. Given that Coleman was in the custody of Michigan authorities for the robbery offense, the Parole Commission's warrant was placed as a detainer against Coleman. Coleman was subsequently convicted in state court on October 20, 1988, of armed robbery, felony firearm possession, and being a habitual offender. He was sentenced to an aggregate maximum sentence of sixty years. The Parole Commission ordered the detainer to stand.

Coleman was released from his state sentence to the detainer on May 29, 2013, for

2

violations of his federal parole. After conducting a revocation hearing for the conditions of his mandatory release, the Parole Commission issued a Notice of Action on January 17, 2014, notifying Coleman that it had revoked his special parole, ordered that he receive no credit for time spent on parole, and ordered that he serve to the expiration of his violation term. This amounted to 1,501 days.[1] Coleman claimed to have filed an administrative appeal on February 5, 2014. The appeal was received by the Parole Commission on March 10, 2014.

Coleman filed a habeas corpus petition pursuant to § 2241 in the United States District Court for the Eastern District of Michigan on February 25, 2014. In that petition, Coleman challenged the computation of his federal sentence, alleging that he has been improperly denied good time credits for the period of time he served before being mandatorily released and is therefore being incarcerated beyond the expiration of his sentence. According to Coleman, statutes governing good time credits that were enacted prior to November 1, 1987, have the "effect of reducing the stated terms of the sentence." See Habeas Pet. at 2. He claims that the statutory good time credits he received were "vested" at the beginning of his sentence and could not be forfeited except upon a major rule infraction. He further asserts that "extra" good time credits, once earned, could not be forfeited at all. Id. at 1-2. Coleman argues that, given his good time credits, his 1974 criminal sentence has been satisfied in full and the Parole Commission thus lacks

---

[1] According to the Federal Inmate Locator maintained by the Bureau of Prison, Coleman's current projected release date is March 14, 2016.

jurisdiction over him. Because Coleman is presently a prisoner at FCI Allenwood in White Deer, Pennsylvania, the District Court for the Eastern District of Michigan transferred the petition to the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1631. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (§ 2241 petition must be filed in the district having jurisdiction over the petitioner's custodian).

In its response, the Parole Commission argued that Coleman's petition should be dismissed for failure to exhaust administrative remedies or, alternatively, denied as meritless because Coleman's sentence has been calculated correctly. Coleman responded by arguing, in effect, that the exhaustion issue should be excused. Coleman claimed that he received no response to his administrative appeal, and that the administrative remedy is inadequate in any event. The District Court agreed with the Parole Commission.

The court stated that a federal prisoner is ordinarily required to fully exhaust administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. See Mem. Op. at 4-5 (citing cases). Insofar as Coleman failed, at a minimum, to exhaust his appeal with the National Appeals Board prior to filing his § 2241 petition, the District Court concluded that he failed to satisfy his burden of demonstrating that he exhausted his administrative remedies.

The District Court further concluded that Coleman's § 2241 petition was meritless regardless of the exhaustion issue. The District Court agreed with other courts which have concluded that, "[u]nder 28 C.F.R. § 2.35(b), good time credit is 'used up' when a prisoner is released on parole and, thus, has no effect on a prisoner's term of

4

imprisonment in the event of parole revocation." See Mem. Op. at 9 (citing Otto v.

Warden, FCI-Allenwood, 209 F. App'x 149, 152 (3d Cir. 2006); Boniface v. Carlson,

881 F.2d 669, 671 (9th Cir. 1989)). Accordingly, the District Court dismissed Coleman's

petition, and subsequently denied his motion for reconsideration. This timely appeal

followed.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of

the District Court's decision to dismiss Coleman's § 2241 petition is plenary.[2] See

Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). We review the denial of a

motion for reconsideration for abuse of discretion. See Max's Seafood Café v. Quinteros,

176 F.3d 669, 673 (3d Cir. 1999) (motion for reconsideration).

As the District Court noted, we stated in Moscato v. Federal Bureau of Prisons, 98

F.3d 757, 760 (3d Cir. 1996), that "[f]ederal prisoners are ordinarily required to exhaust

their administrative remedies before petitioning for a writ of habeas corpus pursuant to §

2241." Exhaustion is required because: "(1) judicial review may be facilitated by

allowing the appropriate agency to develop a factual record and apply its expertise, (2)

---

[2] Coleman asserts that this appeal stems from his civil action docketed at Coleman v. Warden, et al., M.D. Pa. Civ. No. 15-cv-01447. Coleman is mistaken. At the time Coleman's notice of appeal was docketed on October 21, 2015, no final order had been entered in his civil action at No. 15-cv-01447. That proceeding is still pending. Additionally, Coleman filed a notice of appeal in No. 15-cv-01447 on December 15, 2015. His appeal was docketed in this Court at C.A. No. 15-4102, but the appeal was dismissed for failure to prosecute by Clerk's Order issued February 24, 2016. Coleman will have an opportunity to perfect an appeal in his civil action pending at No. 15-cv-01447 once the District Court enters a final order within the meaning of 28 U.S.C. § 1291.

5

judicial time may be conserved because the agency might grant the relief sought, and (3) administrative autonomy requires that an agency be given an opportunity to correct its own errors." Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). However, "[t]he exhaustion doctrine will not be applied ... when none of the basic goals (of the doctrine) would be served." Id. (internal quotations marks omitted). Thus, we have determined that exhaustion is not required with regard to claims which turn only on statutory construction. This is especially so where it is unlikely that the agency will change its position, id., or where the claims turn on broader questions of legal interpretation. See Harris v. Martin, 792 F.2d 52, 54 n.2 (3d Cir. 1986).

We need not resolve the question whether Coleman's is such a case because, even if we assume *arguendo* that exhaustion is not required, we agree with the District Court that his claim is meritless. All of the courts of appeals which have addressed the issue agree that § 2.35(b) is based on a permissible construction of the good time statutes, so that a prisoner is not entitled to a reduction in his parole violator term based upon the good time he accumulated prior to his mandatory release. See Patterson v. Knowles, 162 F.3d 574, 575-76 (10th Cir. 1998) (collecting cases). We agree with those decisions.

Despite Coleman's argument to the contrary, good time credits do not commute the length of a sentence, but rather are only used to determine the date on which a prisoner, not having been earlier released on parole, must be released "as if released on parole" by operation of law under § 4164. Pursuant to regulation, once an offender is

6

conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release. See 28 C.F.R. § 2.35(b); see also Boniface, 881 F.2d at 671. That conclusion holds true even if the offender's conditional release occurred prior to the Parole Commission's formalization of its "long-standing practice of treating good time credits as being 'used up'" with an amendment to § 2.35 in 1985. Booth, 996 F.2d at 1172; see also Boniface, 881 F.2d at 671-72. Coleman's § 2241 petition was thus properly dismissed.

We further discern no abuse of discretion regarding the District Court's decision to deny Coleman's motion for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." See Max's Seafood Café, 176 F.3d at 677 (citation and quotation marks omitted). Coleman's motion did not present any valid basis for reconsideration.

Finding no merit in the appellant's arguments on appeal, we shall affirm the judgment of the District Court.[3]

---

[3] Appellant's motion to strike appellee's brief is denied.