**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

SONNY LAUREN HARMON,

      Petitioner-Appellant,

v.

GLYNN BOOHER, Warden,

      Resondent-Appellee.

No. 00-6185
(W.D. Okla.)
(D.Ct. No. 00-CV-527-C)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Sonny Lauren Harmon, a state prisoner appearing *pro se*, appeals

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's decision denying without prejudice habeas relief as requested in Mr. Harmon's petition filed "Pursuant to 28 U.S.C. Sections 2241 & or 2254." The district court construed Mr. Harmon's petition as a petition filed under 28 U.S.C. § 2241 because it challenged the execution of his sentence, rather than the validity of his sentence as required for filings under § 2254. We exercise jurisdiction under 28 U.S.C. § 2253(a), deny Mr. Harmon's request for a certificate of appealability,[1] and dismiss his appeal.

Mr. Harmon is serving a prison term under an Oklahoma state conviction. In his federal petition, Mr. Harmon alleges the Oklahoma Department of Corrections improperly revoked good time credits he earned during his incarceration by retroactively applying a new department policy allowing such revocation.[2] He also alleged the department revoked his credits without prior notice or a hearing. In addition, Mr. Harmon asserted he exhausted his state

---

[1] While a certificate of appealability is not necessary for a federal prisoner to proceed under § 2241, a state prisoner, like Mr. Harmon, must obtain a certificate of appealability to appeal the denial of a habeas petition whether such petition was filed pursuant to §§ 2254 or 2241. *See Montez v.McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000). The district court denied Mr. Harmon's request for a certificate of appealability, which Mr. Harmon renews on appeal.

[2] Mr. Harmon claims the impetus for the department's revocation of his earned credits stemmed from its improper, retroactive consideration of his 1992 escape from incarceration.

-2-

remedies on these claims by filing a state habeas application in the District Court of Caddo County, Oklahoma, and seeking review by the Oklahoma Court of Criminal Appeals of the district court's decision denying his application.

The federal district court referred the petition to a magistrate judge who recommended denying Mr. Harmon's § 2241 petition for failure to exhaust his state remedies. Specifically, the magistrate judge ascertained Mr. Harmon failed to exhaust his state remedies because his state habeas application was dismissed without prejudice on improper venue grounds due to Mr. Harmon filing his application in the wrong state district court. The magistrate judge further ascertained that both the Oklahoma district court and appellate court explicitly instructed Mr. Harmon the proper venue for his application was in the District Court of Oklahoma County, Oklahoma. Given his apparent failure to refile his application in the proper venue, the magistrate judge noted it appeared Mr. Harmon could still seek review of his claims in the state courts by filing his state habeas application in the proper state district court. Following a review of the record and Mr. Harmon's objections to the magistrate judge's recommendation, the district court adopted the magistrate judge's Report and Recommendation and denied Mr. Harmon's petition.

On appeal, Mr. Harmon asserts the federal district court decided a question of state exhaustion on his petition inconsistent with federal law because "[r]epetitive presentment of the same claim to a different state district court is error." In support, Mr. Harmon provides arguments concerning 1) his perception of federal law which he contends requires the federal district court to reach the merits of his claims; and 2) the grounds supporting his earned credit claims against the Oklahoma Department of Corrections.

We review *de novo* the district court's legal conclusions in denying Mr. Harmon's § 2241 habeas petition. *See Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998). Like habeas petitions filed under 28 U.S.C. 2254, we require exhaustion of a petitioner's state remedies for petitions filed under § 2241. *See Montez*, 208 F.3d at 866. "The exhaustion requirement is satisfied if the issues have been 'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (quoting *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "'An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.'" *Beavers v. Saffle*, 216 F.3d 918, 924 n.3 (10th Cir. 2000) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per

curiam), and citing 28 U.S.C. § 2254(b)(1)(B)).  In order to appeal the denial of

his § 2241 petition, Mr. Harmon must obtain a certificate of appealability.  *See*

*Montez*, 208 F.3d at 867.  To obtain a certificate of appealability under § 2253(c),

a habeas prisoner like Mr. Harmon must make a "substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When, as here, the

district court denies a habeas petition on procedural grounds without reaching the

merits of the petitioner's claim, "a [certificate of appealability] should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in

its procedural ruling."  *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

After a review of the record, it is clear "jurists of reason" would not find it

debatable whether the district court correctly ruled on the procedural issue

concerning Mr. Harmon's failure to exhaust his state court remedies.  The record

plainly shows the state court dismissed Mr. Harmon's state habeas application

without prejudice and without considering the merits of his claims, based on his

failure to file his application in the proper state court.  In addition, the state

district court and appellate court clearly indicated Mr. Harmon could file his state

habeas application in the appropriate state court.  Under these circumstances, we

agree with the district court that a state remedy is still available to Mr. Harmon. Thus, we conclude Mr. Harmon fails to make a substantial showing of the denial of a constitutional right because he fails to show he exhausted his state remedies or that exhaustion in the state courts would be futile. Accordingly, for substantially the same reasons contained in the magistrate judge's April 24, 2000 Report and Recommendation, and the district court's May 22, 2000 Order, we deny Mr. Harmon's request for a certificate of appealability and **DISMISS** his appeal. We further deny Mr. Harmon's request to proceed *in forma pauperis*.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge