**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 1 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

REX A. BLUM,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 00-1266
(D. Colo.)
(D.Ct. No. 99-D-1872)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.
_____

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Appellant Rex A. Blum, a federal inmate appearing *pro se*, appeals the

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court's decision denying his habeas corpus petition filed pursuant to 28 U.S.C. § 2241. We exercise jurisdiction under 28 U.S.C. § 2253(a), and affirm.[1]

On May 8, 1989, Mr. Blum was convicted in federal district court for possession with intent to distribute and distribution of a controlled substance, and received a fifteen-year term of imprisonment and a four-year term of supervised release. The United States Parole Commission paroled Mr. Blum on December 5, 1991. At that time, Mr. Blum had 4,470 days to serve of his sentence and was instructed to remain within the limits of the District of Colorado until the end of his sentence, on March 5, 2004. Thereafter, Mr. Blum repeatedly violated his parole, causing the Parole Commission to issue three different warrants in less than four years to revoke his parole. Following each parole revocation hearing, the Parole Commission eventually placed Mr. Blum on presumptive parole. On July 16, 1999, the Parole Commission issued a fourth warrant, charging Mr. Blum with use of dangerous and habit-forming drugs, and association with a person having a criminal record or engaged in criminal activity. Following the government's detainment of Mr. Blum, he filed the instant § 2241 petition,

---

[1] A federal inmate is not required to obtain a certificate of appealability to appeal a final order in a proceeding under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997).

challenging the government's authority to detain him on the warrant. In support, Mr. Blum claimed he fully served his fifteen-year sentence when he served his four-year term of supervised release–starting from the date of his parole on December 5, 1991 until his supervised release ended on December 5, 1995.

The district court conducted a thorough analysis of Mr. Blum's claim and held the government legally detained him. In so holding, the district court reasoned Mr. Blum remained under the constructive custody of the Parole Commission until March 5, 2004, even though his term of supervisory release commenced on his parole date. The district court pointed out that Mr. Blum's supervisory release ran concurrent with his parole. In support, the district court noted that each time Mr. Blum violated the conditions of his parole and was subsequently re-paroled, he signed a parole certificate, showing he remained under parole supervision until March 4, 2004. Thus, the district court concluded the Parole Commission possessed constructive custody over Mr. Blum when it issued its fourth warrant on July 16, 1999.

On appeal, Mr. Blum lists the grounds for reversing the district court's decision in seven short sentences:

1. "I've completed my supervised release so supervision should be

completed."

    2. "I've completed my supervised release."

    3. "I shouldn't be on supervision."

    4. "I should be released from parole."

    5. "I've done completed my supervised release."

    6. "Yes, Supervise Release takes place of parole."

    7. "Release me from supervision."

As to his statement of the case, Mr. Blum simply refers this court to some "transcripts," which he fails to further identify or designate as a part of the record on appeal.

We review *de novo* the district court's decision to deny habeas relief under 28 U.S.C. § 2241. *See Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998). While we construe a *pro se* litigant's pleadings liberally, *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), we are not required to manufacture a litigant's appeal argument when he fails his burden of citing and tying together the relevant facts, specific citations to the record, and his legal contentions. *See United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1238 n.8 (10th Cir.), *cert. denied*, 522 U.S. 847 (1997).

In reviewing Mr. Blum's "grounds" for appeal, we note he merely raises patently repetitive, vague and unsupported assertions, rather than articulating the relevant facts, record citations, his legal contentions, or the district court's alleged error. Thus, Mr. Blum fails his burden of tying together a coherent argument for our review. *See Rodriguez-Aguirre*, 108 F.3d at 1238 n.8.

Despite the inadequacies in Mr. Blum's appeal pleadings, we have nevertheless carefully reviewed the record. After conducting a *de novo* review, we announce our agreement with the district court's analysis of the parole issue raised in Mr. Blum's petition. Because the district court provided sufficient analysis for denying Mr. Blum's petition, we will not duplicate the same analysis here.

Accordingly, we **AFFIRM** the district court's June 16, 2000 Order. For good cause shown, we further grant the government's "Motion to Seal Appellee's Answer Brief," requesting its brief, which includes copies of prison records and sentencing information, be sealed.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge