**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 20 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

CLIFTON M. PATTERSON,

      Petitioner-Appellant,

v.

JOEL KNOWLES; UNITED STATES
PAROLE COMMISSION,

      Respondents-Appellees.

No. 98-1076

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 95-S-3252)

Clifton M. Patterson, pro se.

Henry L. Solano, United States Attorney, and Kathleen M. Tafoya, Assistant United States
Attorney, Denver, Colorado, for Respondent-Appellee.

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[*]

**BALDOCK**, Circuit Judge.

      Petitioner Clifton M. Patterson, an inmate at the United States penitentiary in

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this case.
See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted
without oral argument.

Florence, Colorado, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Our jurisdiction arises under 28 U.S.C. § 1291. After a de novo review of the district court's decision to deny habeas relief, we affirm. See Kell v. United States Parole Comm'n, 26 F.3d 1016, 1019 (10th Cir. 1994).

On September 21, 1993, Petitioner was arrested for alleged parole violations. After a March 28, 1994, hearing, the hearing examiner revoked Petitioner's parole and ordered him to serve the remainder of his original sentence. The examiner, however, gave Petitioner credit for 367 days spent on parole and for time spent in custody after he was arrested for violating parole, but did not give Petitioner credit for good time earned pre-parole.

On appeal Petitioner argues that the good time credits he received during his original period of incarceration should have been credited against the term of incarceration imposed after his parole violation. Petitioner argues that the Bureau of Prisons erred in computing his new term of imprisonment by not counting the good time credits he had previously earned. Parole commission regulation 28 C.F.R. § 2.35(b) provides that good time credit earned prior to a conditional release has no effect after a revocation of parole.[1] Petitioner argues that § 2.35(b) conflicts with the statutory scheme for good time credits, which provides that "a prisoner shall be released at the expiration of his term of sentence less the

---

[1] § 2.35 states that "[o]nce an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release." 28 C.F.R. § 2.35(b).

time deducted for good conduct." 18 U.S.C. § 4163. At the time of release, a prisoner is given credit for good time earned and "deemed as if released on parole." 18 U.S.C. § 4164. If, however, "during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited." 18 U.S.C. § 4165.

Although this circuit has not explicitly considered whether § 2.35(b) conflicts with these statutory provisions, prior to the issuance of § 2.35(b) we upheld the forfeiture of good time credit after the revocation of parole. See McKinney v. J.C. Taylor, 358 F.2d 689, 690 (10th Cir. 1966). In McKinney, the petitioner sought habeas relief on the ground that he was still entitled to his good time credits even though his parole had been revoked. Id. at 689. In rejecting the petitioner's argument, we noted that good time does not reduce the period of the original sentence but "instead determines how much of the sentence must be spent within the confines of the prison." Id. at 690. Therefore, we concluded that the parole commission was free to "recommit a parole violator to prison for a length of time the same as the unexpired term" without taking into account good time credit earned prior to parole release. Id. We find no inconsistency between this analysis and Section 2.35(b). Upon Petitioner's release, the good time he earned simply expired; therefore, the good time could have no effect on his subsequent parole violator term.

Furthermore, the four circuits which have considered whether § 2.35(b) conflicts with the statutory provisions have concluded that it does not. See Booth v. United States, 996 F.2d 1171, 1172 (11th Cir. 1993) (finding § 2.35(b) reasonable and holding that good

3

time credits are "used up" upon release from parole and unavailable to reduce term received for parole violation); Boniface v. Carson, 881 F.2d 669, 671 (9th Cir. 1989) (good time credits do not survive release upon parole and cannot be credited toward a parole violator's sentence); Thompson v. Lacy, 817 F.2d 1315, 1317 (8th Cir. 1987); Ray v. Brewer, 808 F.2d 19, 21 (7th Cir. 1986) (holding that parole commission's regulation, providing that pre-parole good time credit expires upon parole release, does not conflict with good time statutes). We agree with our sister circuits and hold that § 2.35(b) is based on a "permissible construction" of the good time statutes. See Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 843 (1984). Therefore, Petitioner was not entitled to a reduction in his parole violator term based upon the good time he accumulated prior to his release on parole.

Petitioner also argues that the district court erred by (1) failing to grant Petitioner an evidentiary hearing and speedy disposition of his habeas petition; (2) finding no due process violation arising from his parole violator arrest; (3) finding that Petitioner waived his right to confront and cross-examine witnesses at his parole revocation hearing; and (4) finding that Petitioner had failed to exhaust administrative remedies. We have reviewed the briefs, pleadings, and the entire record before us. We agree with the decision of the district court and, as to these issues, we affirm for substantially the same reasons as the district court.[2]

AFFIRMED.

---

[2] Petitioner's July 27, 1998, "Motion For An Order" is also denied.

4