**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

DAVID Y. MERRITT,

     Petitioner-Appellant,

v.

UNITED STATES PAROLE
COMMISSION,

     Respondent-Appellee.

No. 01-1014
(D. Colo.)
(D.Ct. No. 00-Z-2015)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant David Y. Merritt, a federal prisoner appearing *pro se*, appeals from the district court's Order and Judgment of Dismissal, dismissing his federal habeas petition filed pursuant to 28 U.S.C § 2241. We affirm.

The procedural background in this case is outlined, in part, in our Order issued May 9, 2001, and is repeated as follows. Mr. Merritt previously challenged a 1992 parole hearing in a habeas corpus action, filed in June 1998, before the federal district court. *See Merritt v. United States Parole Comm'n*, No. 98-Z-1438 (D. Colo. Aug. 13, 1999). On August 13, 1999, the district court dismissed the 1998 petition without prejudice and instructed he could file a new petition challenging the 1992 parole hearing if he prevailed in another proceeding before the district court in *Merritt v. Pugh*, No. 97-Z-2118 (D. Colo. Sept. 30, 1997).

On October 11, 2000, Mr. Merritt filed another 28 U.S.C. § 2241 petition. In so doing, Mr. Merritt conceded he was raising the same claims he previously asserted in his prior 1998 habeas petition contesting the 1992 parole hearing decision, but reasoned he re-filed the action because the district court failed to promptly process and render a decision in *Merritt v. Pugh*. Mr. Merritt asserted he should have been released from confinement in 1992, or at the latest, in 1999.

He also informed the district court he would seek clarification from the Tenth Circuit for the inordinate delay.

Without addressing the reasons for its delay in deciding *Merritt v. Pugh*, the district court concluded Mr. Merritt's petition must be dismissed without prejudice because *Merritt v. Pugh* is still proceeding. On appeal, Mr. Merritt contends the *Merritt v. Pugh* case has been inordinately delayed by the retirement and replacement of a magistrate judge and the Bureau of Prisons' deliberate action in delaying the case.

We issued our May 9, 2001 Order noting the *pro se* appeal before us is much like an application for a writ of mandamus where the defendant charges inordinate delay by the federal district court in deciding petitions for a writ of habeas corpus. *See Johnson v. Rogers*, 917 F.2d 1283, 1283-85 (10th Cir. 1990) (granting mandamus and holding federal district court's fourteen-month delay in rendering a decision on a § 2241 petition was impermissible under the circumstances presented.) In reviewing inordinate delay challenges, we have stated "writs of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement." *Johnson*, 917 F.2d at 1284 (quotation marks and citation omitted). In so stating, we also recognize that

each inordinate delay situation must be considered on the facts. *Id.* at 1285.

We found that in this case, almost three years have expired since Mr. Merritt filed his 1998 § 2241 habeas petition, and over twenty months have lapsed since the district court dismissed it, concluding Mr. Merritt could re-file his petition if he prevailed in *Merritt v. Pugh.* Given the inordinate time involved in resolving Mr. Merritt's § 2241 claims, we directed the federal government to respond to Mr. Merritt's charges of inordinate delay. *See Johnson*, 917 F.2d at 1284. We also granted Mr. Merritt's request to proceed *in forma pauperis*.

On May 23, 2001, the United States Parole Commission, by and though the Office of the United States Attorney, filed a response to our May 9, 2001 Order. The government set forth a lengthy and detailed description of the procedural background in *Merritt v. Pugh* – the case currently being litigated and on which the district court determined it would dismiss Mr. Merritt's current § 2241 petition without prejudice pending its outcome. A review of the procedural background reveals Mr. Merritt has filed an inordinate number and variety of pleadings, to which the government has continued to respond. During this proceeding, the district court also appointed Mr. Merritt counsel – both Mr. Merritt and later his counsel filed numerous requests for extension of time for the

purpose of filing Mr. Merritt's amended petition and other responsive pleadings. The amended petition challenges sixty-two separate administrative disciplinary actions taken against Mr. Merritt by various prison officials between June 1987 and January 1992. The government has recently produced a voluminous number of documents for inspection by Mr. Merritt, filed an answer and a return, and it is currently preparing to respond to the district court's finding Mr. Merritt is entitled to additional limited discovery. Mr. Merritt's traverse to the government's answer and return is due on June 11, 2001.

We now turn to Mr. Merritt's appeal concerning the petition at issue here and the district court's dismissal thereof contingent on the outcome of *Merritt v. Pugh*. We review *de novo* the district court's dismissal of Mr. Merritt's § 2241 petition. *See Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998). Under the circumstances presented in this case, it is clear litigation in *Merritt v. Pugh* is continuing to proceed and that Mr. Merritt has filed voluminous and varied pleadings, including a significant number of extensions of time, which have contributed primarily to any delay in the disposition of that case. The district court has been extremely generous to Mr. Merritt by granting numerous extensions of time for filing his pleadings, and allowing him on many occasions to amend or resubmit his documents. Therefore, we cannot say either the court or

-5-

government is guilty of causing any of the inordinate delay in *Merritt v. Pugh*. *See Johnson*, 917 F.3d at 1284-85. While writs of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement, in this case the procedural facts persuade us that the district court did not err in dismissing Mr. Merritt's § 2241 petition without prejudice pending the outcome in *Merritt v. Pugh,* which the district court has determined will affect or resolve issues connected with the petition on appeal here. *Id.* at 1285. Because the record presented does not provide sufficient information as to the precise issues addressed in *Merritt v. Pugh*, we will not second-guess the district court's determination resolution of that case will affect the merits of the instant petition.[2] *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

Since issuing our May 9, 2001 Order, Mr. Merritt has filed a request for appointment of counsel because he believes "an appellate brief will need to be made in reply to [the] government's [response,] and possible oral argument may be needed." However, we note that counsel has been appointed to Mr. Merritt in

---

[2] To the extent Mr. Merritt is contending some of his claims were not raised in the 1998 petition and therefore should go forward for disposition without a determination in *Pugh*, his claims must nevertheless fail. We have held a second or subsequent § 2241 petition that raises a new claim, which could have been raised in an earlier petition, should be dismissed as abuse under § 2244(a), absent a showing of either cause and prejudice or a fundamental miscarriage of justice. *George v. Perrill*, 62 F.3d 333, 334-35 (10th Cir. 1995). Mr. Merritt has not met this burden.

*Merritt v. Pugh*, and it is clear disposition of that case is required before the district court will entertain the allegations made in the instant petition.  Therefore, we find no need for a reply brief or oral argument.  Accordingly, we deny Mr. Merritt's "Motion for Appointment of Counsel."


      For the aforementioned reasons, the district court's decision dismissing Mr. Merritt's petition is **AFFIRMED**.

                                  **Entered by the Court:**

                                  **WADE BRORBY**
                                  United States Circuit Judge