**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN GRIFFIN,

      Petitioner-Appellant,

v.

JOSEPH BROOKS,

      Respondent-Appellee.

No. 00-1081
(D.C. No. 99-Z-2429)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **ANDERSON** , and **KELLY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

John Griffin, a federal prisoner appearing pro se, appeals from the district

court's dismissal of his petition for a writ of habeas corpus brought pursuant to

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2241. The petition challenges Mr. Griffin's disciplinary conviction and resultant sanctions for violating Bureau of Prisons (BOP) Code 205. *See* 28 C.F.R. § 541.13 Table 3. Our jurisdiction arises under 28 U.S.C. § 2253(a), and we affirm.

## I. Background facts and proceedings

The petition, supporting documents, and videotape of the behavior on which the disciplinary conviction is based show the following facts. Mr. Griffin's wife and their four-year-old son visited him in the yard of the federal prison's visitor's center in October 1998. The videotape shows that, while he was embracing her from behind (with the front of his body facing her back), Mr. Griffin's wife reached behind her back, struggled to unzip his pants, reached into the opening, and then moved her left hand and arm around for a few seconds before withdrawing her hand. She then turned to face him and placed her right hand into his open pants for a few more seconds. When their four-year-old child interrupted, Mr. Griffin zipped his pants and they continued their visit until it was terminated by prison officials. The total embracing and touching activity lasted approximately one and one-half minutes.

After officers terminated the visit, they examined Mr. Griffin and, in a report entitled "[u]nauthorized contact with female visitor," stated they "found no evidence of semen stains." R. Doc. 4, Ex. 6. Mr. Griffin was placed in

-2-

administrative segregation and later charged with a Code 205 violation for engaging in sexual activity.    *See* § 541.13 Table 3.  The incident report recommended a loss of 120 days visitation privileges and loss of 25% good conduct time.  Petitioner's Reply Br., Ex. B-11.

Mr. Griffin was granted a hearing with a discipline hearing officer (DHO) assigned to conduct hearings regarding alleged prison violations.       *See* 28 C.F.R. § 541.2(c).  At the hearing, Mr. Griffin purportedly gave the DHO a written statement in which he admitted that his wife unzipped his pants and attempted to touch him. [1]  He apparently stated, however, that she could not touch his penis due to the layers of clothing in the way, became discouraged, and stopped.  He apologized for the incident.  R. Doc. 4, Ex. 7.  The DHO's report also submitted that Mr. Griffin orally stated that "[h]is wife only grabbed his penis and didn't masturbate him at all.  The motion was her lifting up his T-shirt, through the pant fly area.  Her movements were only her moving his clothing away and it could have looked like she was masturbating him."       *Id.*  Based on the videotape and the incident reports, the DHO determined that Mr. Griffin's behavior constituted "engaging in a sexual act" in violation of Code 205 and imposed sanctions of

---

[1]    The written statement was not attached to the DHO's report and is not in the record, but the DHO summarized the statement in his report.

loss of fourteen days good-time credit, thirty days disciplinary segregation, and loss of one-year of visiting privileges. *Id.*

Mr. Griffin appealed his conviction and sanctions through prison administrative procedures and then filed a petition for habeas corpus. *See Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (§ 2241 habeas petition is appropriate means by which to restore good-time credits). The district court ordered Mr. Griffin to amend his petition to show that he had exhausted administrative remedies, which he did. *See* R. Doc. 3, 4. Prior to service on respondent of Mr. Griffin's amended petition, the district court entered judgment *sua sponte* in favor of respondent, dismissing the amended petition pursuant to 28 U.S.C. § 2243 (court must issue order directing respondent to show cause why petition should not be granted unless it appears from the application that the petitioner is not entitled to such an order).

## II. Discussion

Mr. Griffin's amended habeas petition raises two contentions: (1) the BOP violated his procedural due process rights by not allowing him to view the videotape, *see Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment"); and (2) his substantive due process rights were violated because the evidence on which the

DHO relied supported only a violation of either BOP Code 407 (conduct with a visitor in violation of Bureau regulations) or 409 (unauthorized physical contact like kissing, embracing), and not a violation of Code 205 (engaging in sexual acts).

The district court found that Mr. Griffin received due process because his habeas petition demonstrated that he received notice of the charges, a hearing, and a written statement of the reasons for the BOP's decision, and some evidence existed in the record to support the conviction for violating Code 205. R. Doc. 5, at 3; *see Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (discussing due process requirements for hearings resulting in revocation of good-time credits). The court did not, however, address either Mr. Griffin's due process claim based on an alleged *Brady* violation or his claim that, based on the evidence, he should have been charged with, and convicted of, only Code 407 and/or Code 409 offenses instead of a Code 205 offense.

On appeal, respondent moved to supplement the record with a copy of the videotape for our *in camera* review and informed the court that a copy of the tape had also voluntarily been sent to the facility where Mr. Griffin is incarcerated, where he would be given an opportunity to view the tape. [2] We granted the motion

_____

[2] Respondent has repeatedly represented to the court that he is in the process of making the tape available to the petitioner for a supervised viewing but has

(continued...)

-5-

to supplement the record and have viewed the videotape. We review *de novo* the district court's dismissal of a § 2241 habeas petition. *Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998).

    **A. The *Brady* violation.** We first note that, because federal prisoners have a liberty interest in receiving good-time credits, the deprivation of such must comply with due process. *Brown*, 828 F.2d at 1494. "[W]here a prisoner believes he was denied a meaningful opportunity to contest the charges against him due to a disciplinary board's refusal to . . . allow the prisoner access to relevant materials, the challenge is one of procedural due process rather than sufficiency of the evidence." *Viens v. Daniels*, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989). The denial of access to evidence used by prison officials to prove the commission of an offense may infringe an inmate's right to know what evidence is used against him and "marshal the facts in his defense." *Young v. Kann*, 926 F.2d 1396, 1402 (3d Cir. 1991) (quotation omitted). Mr. Griffin first asserts that the videotape is exculpatory because it shows that he and his wife did not actually engage in a sexual act, but only attempted to do so. He requested to see the videotape so that

---

[2](...continued)
encountered some administrative delays. The court expects the respondent to fulfill his commitment; but, for the reasons stated above, the disposition of this appeal is not contingent on the petitioner's interpretation of the tape.

he could prove it, and bases his *Brady* violation on the BOP's alleged refusal to allow him to see the tape.

When a prisoner alleges a colorable *Brady* violation, "[m]inimum due process requires that the district court conduct an *in camera* review of the entire investigatory file (not only the material relied on to find guilt) to determine whether or not exculpatory information existed." *Campbell v. Henman*, 931 F.2d 1212, 1215 (7th Cir. 1991). As mentioned above, the district court did not address the alleged *Brady* violation or require the respondent to respond and produce the videotape for *in camera* examination. The district court's dismissal of the habeas petition without examining the videotape for exculpatory material, however, is harmless error.

Mr. Griffin admits that his wife put her hand in his open pants so that she could attempt to masturbate him. It is unquestionable that masturbation is a "sexual act." The regulations provide that " *[a]iding* another person to commit any of these offenses, [and] *attempting* to commit any of these offenses . . . in all categories of severity, *shall be considered the same as a commission of the offense itself*." § 541.13(b) (emphasis in original). Because Mr. Griffin allowed his wife to touch his genital area (even through his boxer shorts) so that she could attempt to masturbate him, he attempted to engage in a sexual act, which is considered under the regulations to be the same as actually engaging in the sexual act and is

-7-

punishable in the same manner. The videotape showing only an attempt, therefore, cannot exculpate Mr. Griffin, and the BOP's alleged refusal to allow him to see the videotape was not prejudicial to his defense. Mr. Griffin's due process right was not violated.

**B. Lesser offenses**. We next address Mr. Griffin's substantive due process claim that he should have only been charged with violation of visitation codes of conduct that carry lesser sanctions. Because his behavior was an attempt to engage in sexual activity that is expressly prohibited under Code 205, it fits into the higher offense category and was therefore permissible even though it could also have been sanctioned under the low-moderate category of offenses. While it appears to us that Mr. Griffin's sanctions were unduly harsh in relation to the severity of the offense he admittedly committed and the other offenses in that category, we hesitate to interfere with prison officials' decisions concerning the day-to-day administration of prisons, to which we must accord deference unless they violate the constitution or federal law. *See Turner v. Safley*, 482 U.S. 78, 84-85 (1987).

We therefore affirm the district court, albeit for different reasons. *See United States v. Sandoval*, 29 F.3d 537, 542 n.6 (10th Cir. 1994) ("We are free to affirm a district court decision on any grounds for which there is a record

sufficient to permit conclusions of law, even grounds not relied upon by the district court.") (quotations omitted).

### III. Payment of fees

Mr. Griffin has moved for leave to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915(b), and has consented to disbursement of partial payments of the filing fees from his prison account. We grant Mr. Griffin's application to proceed in forma pauperis. He must pay $105.00 for appellate filing fees. His custodian shall, within thirty days of the date of this order, deduct and pay to the clerk of the United States District Court for the District of Colorado an amount equal to 20% of the greater of:

(A) the average monthly deposits to his account, or

(B) the average monthly balance in his account for the six-month period immediately preceding filing of the notice of appeal in this case.

In either event, Mr. Griffin's custodian shall forward payments from his account equal to 20% of the preceding month's income each time the account exceeds $10.00 until the filing fees are paid in full. The district court clerk for the District of Colorado is directed to serve a copy of this order on Mr. Griffin's custodian forthwith.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge