F I L E D
United States Court of Appeals
Tenth Circuit

SEP 10 2003

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRETT WRIGHT,

      Petitioner-Appellant,

v.

MICHAEL A. LANSING,
Commandant, USDB -
Ft. Leavenworth,

      Respondent-Appellee.

No. 03-3027
(D.C. No. 00-CV-3164-RDR)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

    Brett Wright, a military prisoner appearing pro se and *in forma pauperis*

(IFP), appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus

application. Because this proceeding arises under § 2241, he does not need a

---

*After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997). We review the district court's decision de novo, *see Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998), and affirm.

Mr. Wright is an inmate at the United States Disciplinary Barracks in Fort Leavenworth, Kansas. He alleges that he was deprived of "good-conduct time" and "extra-good-conduct time" without due process of law, apparently as the result of two prison proceedings: (1) a Disciplinary and Adjustment Board (D&A Board), at which he was found guilty of misconduct and as a result forfeited earned good-conduct credits; and (2) an Unscheduled Reclassification Board (URB), at which he was ordered placed in "maximum custody" (apparently a more restrictive level of confinement), which he contends deprived him of the opportunity to earn extra good conduct time that he would have earned had he remained in the general prison population. The district court rejected Mr. Wright's due-process claim (along with others he does not press on appeal). The court assumed that he had a liberty interest in his conduct credits, but ruled that he received all the process he was due under the Constitution. We agree.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good conduct credits, due process requires that

-2-

the inmate receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). In addition, the findings of the disciplinary board must be "supported by some evidence in the record." *Id.*

Mr. Wright does not argue on appeal that any of these procedural protections were lacking at the D&A Board and URB proceedings. His sole argument is that those proceedings offended due process because neither was held within 14 days of some unspecified event (what that event is is unclear from his brief), which he contends was required under prison regulations. (We note that he points to no facts indicating that he was prejudiced by any delay in convening the proceedings.)

His contention lacks merit. Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 539-41 (1985); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("once the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate").

Since Mr. Wright does not dispute that he received the procedures described by the Supreme Court in *Hill* and *Wolff*, his due process claim must fail. To the extent that he is complaining that as a result of the alleged violation of the prison regulations he "is in custody in violation of the . . . laws . . . of the United States," 28 U.S.C. § 2241(c)(3), he has not established a violation cognizable under the habeas corpus statutes, even assuming that the regulations of a federal prison could be deemed federal law. *Cf. United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998) (alleged statutory violations are cognizable in motion under § 2255 only where there has been "a fundamental defect which inherently results in a complete miscarriage of justice," [or] an omission inconsistent with the rudimentary demands of fair procedure" (internal quotation marks omitted)).

Accordingly, after consideration of Mr. Wright's brief, the district court's order dated January 10, 2003, and the record on appeal, we AFFIRM for substantially the same reasons set forth in the district court's order. We DENY as moot Mr. Wright's motion to proceed IFP.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-4-