**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 28 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAMUEL NJOROGE NGUGI,

       Petitioner-Appellant,

v.

JOHN ASHCROFT, Attorney General;
MICHAEL HESTON, District
Director; JAMES ZIGLAR,
Commissioner, INS,

       Respondents-Appellees.

No. 03-3320
(D.C. No. 02-CV-3226-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE**, ** Senior
District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In April 2002, the Bureau of Immigration Appeals (BIA) summarily affirmed the decision of the Immigration and Naturalization Service in Kansas City, Missouri (INS) [1] ordering that petitioner, Kenyan native Samuel Njoroge Ngugi, be removed from this country. Mr. Ngugi did not file a petition for review of that decision. Two days before Mr. Ngugi was due to report to the INS in Kansas City, Missouri, for deportation, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the federal district court for the district of Kansas. [2]

The § 2241 petition stated that Mr. Ngugi's motion to reopen his appeal of the removal order and his motion for stay of deportation were pending before the BIA. Mr. Ngugi asked the district court for a stay of deportation and "to be at liberty" pending exhaustion of his administrative remedies because, according to him, the threatened arrest and detention by the INS violated his right to due

---

[1]     On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice. Its enforcement functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). Because the majority of the events at issue here predate that reorganization, we continue to refer to the INS in this order and judgment.

[2]     Mr. Ngugi was represented by counsel at all times during these § 2241 proceedings.

process.  R. Vol. I at 8.  He further indicated that a stay would permit him to file a claim for asylum and for relief under the Convention Against Torture (CAT).  As a second ground for relief, petitioner alleged that, if the government was not stayed from deporting him, it would be violating his right to file an asylum claim and for CAT relief.  The government moved to dismiss the petition.

While this case was pending in the district court, the BIA denied not only one but two separate motions from Mr. Ngugi seeking to reopen.        *Id.* at 70, 218.  In the latter order, the BIA determined the Mr. Ngugi had not made out a prima facie case for asylum eligibility, for withholding of deportation, or for protection under the CAT.   *Id.*  at 218.

After the BIA's second refusal to reopen Mr. Ngugi's case, the government renewed its motion to dismiss the § 2241 petition.  In opposing dismissal, Mr. Ngugi argued that the district court had jurisdiction to review the denial of his asylum application pursuant to its habeas corpus powers.  He further requested ten days in which to amend his § 2241 petition based on changes in Kenya and on the BIA's denial of his motion to reopen.

The district court dismissed the petition.  With regard to Mr. Ngugi's petition for stay of deportation pending resolution of his administrative appeals, the court noted that the BIA had denied the last motion to reopen and concluded that petitioner's due process challenge was moot.

As for Mr. Ngugi's new assertion made in his response brief to the government's renewed motion to dismiss that the district court had jurisdiction to review the denial of his asylum claim, that court concluded that the court of appeals was the appropriate court to review such a denial and refused to "retain this action on the petitioner's new argument that the denial of asylum is reviewable in this forum."  *Id.* at 227.

Our jurisdiction arises under 28 U.S.C. § 1291.  We have conducted a de novo review of the district court's dismissal of this § 2241 petition,  *see Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998), and we affirm.

We agree with the district court that petitioner's application for stay pending resolution of his administrative appeals was moot.  The § 2241 petition requested a stay of deportation based only on the perceived right to file for asylum and for CAT relief and a due process right to exhaust administrative remedies.  When Mr. Ngugi was allowed to file for asylum and CAT relief and to complete the administrative process, there was no longer any basis upon which the district court could grant the § 2241 petition.

As for review of the denial of asylum, we further agree that dismissal of that tardily-raised claim was also appropriate.  Initially, we note that the § 2241 petition here did not present any claim regarding denial of asylum, nor could it since the petition pre-dated the asylum decision.  Although Mr. Ngugi requested

-4-

leave to amend his petition, no such leave was apparently ever granted and no amendment proffered. The propriety of the removal order, the denial of the motions to reopen, and the decision to deny asylum were never properly before the district court.

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge