**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICK DEAN PETRICK,

      Petitioner - Appellant,

v.

SAM CALBONE; DREW
EDMONDSON, Attorney General,

      Respondents - Appellees.

No. 04-6373
(D.C. No. CIV-04-957-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

On June 27, 2005, this court granted Petitioner-Appellant Rick Dean

Petrick a certificate of appealability ("COA") on the following two issues related

to his appeal from the district court's denial of his petition for habeas relief:

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1.  Whether Petrick's due process rights were violated when he was disciplined for using a prison law library typewriter for non-legal purposes.

2.  Whether Petrick's due process rights were violated when he was disciplined for possessing another inmate's legal papers.

For the reasons discussed below, we answer each of these questions in the negative. Accordingly, we AFFIRM the district court's denial of Petrick's habeas petition.[1]

## I. Using a Prison Law Library Typewriter for Non-Legal Purposes

In a November 2003 prison disciplinary proceeding, Petrick was found guilty of disobeying the orders of prison staff because he used a prison law library typewriter for non-legal work, in violation of prison rules. As a result, Petrick lost 180 days of earned credits. Petrick admits that he used the prison law library typewriter for non-legal work. However, Petrick contends that at the time he typed a non-legal letter using the prison law library typewriter, there was no adequately promulgated prison rule in place prohibiting such conduct. Petrick

---

[1] Petrick originally filed the petition at issue in this case pursuant to 28 U.S.C. § 2254. Noting that in the petition Petrick challenges the execution of his sentence, rather than the validity of his convictions and the sentences he is serving, the magistrate judge to whom the case was assigned construed the petition to assert a cause of action under 28 U.S.C. § 2241. To prevent confusion, in this opinion we refer to the petition as a "habeas petition."

argues that because there was no rule in place prohibiting such conduct, there was insufficient evidence to support the prison disciplinary decision, thereby rendering that finding of guilt a violation of his due process rights.  The district court rejected this argument, and Petrick appealed.

In reviewing the denial of a petition for habeas corpus, we examine the district court's legal conclusions de novo.  See Patterson v. Knowles, 162 F.3d 574, 575 (10th Cir. 1998).  When determining whether a prison disciplinary decision should be upheld upon a challenge to the sufficiency of the evidence, we do not examine the entire record or weigh the evidence; we simply determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985).  This is because "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."  Id. at 455.

When viewed under this standard, Petrick's contention is without merit. Attached to Respondents' response to Petrick's habeas petition was an affidavit of Richard Barger, the staff member in charge of the prison law library, and an August 2003 memorandum from library technician Melody Davis to the inmate population.  The memorandum provides:

> Typewriters in the law library are for legal use only.  This rule was in place before my position as librarian and will continue to be

enforced. Any one caught typing anything other than legal material will be written up.

Barger's affidavit states that the memorandum was posted in the prison law library. Following this discussion of the rules for law library typewriter usage, Barger's affidavit states that all rules have been posted and enforced consistently during the entire time that the Oklahoma Department of Corrections has housed inmates at the prison. Although he has had an opportunity to do so, Petrick has never disputed the validity of Barger's affidavit or the August 2003 memorandum.

The existence of the August 2003 memorandum makes clear that the prison had a rule against using the law library typewriters for non-legal purposes before Petrick's October 2003 use of a typewriter to write a non-legal letter. This prison rule promised disciplinary sanctions to those who violated it. Prison staff members were clearly responsible for the rule, as the memorandum was signed by library technician Melody Davis. Petrick was or should have been aware of the policy because the memorandum was posted in the prison law library.

Indeed, even if we were to ignore the Barger affidavit and the August 2003 memorandum, Petrick admits that he was aware of a written notice posted in the prison law library stating that "Typewriters Are to Be Used For Legal Work Only!" Petrick claims that the notice was not a direct written order by prison staff because the notice was not typed, signed, or dated by staff; does not state that it is a direct written order; and does not warn that violators would face

- 4 -

disciplinary proceedings. However, the fact that the notice was posted—and continued to be posted over an extended period of time—was sufficient to put Petrick on notice of the prison rule regarding typewriter usage, even without the additional formalities that Petrick now asserts were necessary.

Thus, Petrick's due process rights were not violated when he was disciplined for using a prison law library typewriter for non-legal purposes because there was some evidence supporting the prison disciplinary decision that Petrick had broken an adequately promulgated prison rule in place at the time of his actions.

## II. Possessing Another Inmate's Legal Papers

In a continuation of the same November 2003 prison disciplinary proceeding, Petrick was found guilty of possessing contraband because he had another inmate's legal papers in his prison cell. As a result, Petrick lost ninety days of earned credits. Petrick implies that he was deprived of his due process rights because he was disciplined even though he did not violate any prison rule. Specifically, Petrick contends that he was not guilty of possessing contraband because he had another inmate's legal papers in order to provide legal assistance to the other inmate, as is permitted by prison rules. Thus, Petrick's second claim, like his first claim, asserts that there was insufficient evidence of any rule violation to support the prison disciplinary decision finding him guilty, thereby

rendering that finding a violation of his due process rights.  The district court rejected this second claim, and Petrick raises it again on appeal.

Under the "some evidence" standard that we must apply in reviewing such claims, see Hill, 472 U.S. at 455-56, Petrick's contentions are without merit. Rule 09-5 of the Great Plains Correctional Facility's Inmate Handbook prohibits possessing property belonging to another person.  Legal papers are property.  See Black's Law Dictionary (8th ed. 2004) (defining "property" as, inter alia, "[a]ny external thing over which the rights of possession, use, and enjoyment are exercised").  Petrick admits that he possessed legal papers belonging to another inmate.  Therefore, Petrick possessed property belonging to another person in violation of Rule 09-5.

Another prison policy allows Petrick to provide legal assistance to other inmates.  The policy states that prison staff may assign inmates to "typ[e] and handl[e] legal documents for [other] inmates, and assist[] other inmates to research legal issues."  However, this policy does not abrogate Rule 09-5.  Thus, while prison staff may assign Petrick to type and handle legal documents for other inmates or assist other inmates in researching legal issues, Petrick may not possess other inmates' legal papers in his own cell—especially where, as here, there is no indication that Petrick did so pursuant to receiving an assignment from

prison staff.[2]  When Petrick took another inmate's legal papers into his own cell, where the other inmate was not present, Petrick knew or should have known that he was taking a risk that he would be disciplined for a violation of Rule 09-5.

Therefore, Petrick's due process rights were not violated when he was disciplined for possessing another inmate's legal papers because there was some evidence supporting the prison disciplinary decision that Petrick had broken an adequately promulgated prison rule in place at the time of his actions.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court denying Petrick's petition for habeas relief.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2] Petrick asserts that he "was asked by [another inmate] to assist him in preparing and filing his federal habeas petition" and that he was "authorized" by the other inmate to use the other inmate's legal papers.  Petrick makes no mention of being assigned or authorized by prison staff to provide such assistance.