**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRED ROBERT MARTINEZ,

      Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent-Appellee.

No. 05-2212

(D. New Mexico)

(D.C. No. CIV-04-678 RB/ACT)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a); 10TH CIR. R. 34.1(G).

Fred Robert Martinez, a federal prisoner proceeding pro se, appeals the district court's dismissal with prejudice of his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because Mr. Martinez is a federal prisoner and this proceeding arises under § 2241, Mr. Martinez does not need a certificate

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of appealability. *See McIntosh v. United States Parole Comm'n,* 115 F.3d 809, 810 n.1 (10th Cir. 1997). We review the district court's decision de novo, *see Patterson v. Knowles,* 162 F.3d 574, 575 (10th Cir. 1998), and we affirm for substantially the same reasons set forth in the magistrate judge's recommended disposition and the district court's order.

## I. BACKGROUND

On October 20, 1987, Mr. Martinez and his co-perpetrator, Larry James Mireles, robbed a bank with handguns and took approximately $2,834. Mr. Martinez was arrested and charged with first-degree armed robbery. At the time of the robbery, Mr. Martinez was on state parole. On October 26, 1987, the Corrections Department of New Mexico issued a warrant for his arrest for violation of the terms of his parole. On December 10, 1987, a federal grand jury indicted Mr. Martinez for one count of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d).

Mr. Martinez remained in a Bernalillo County jail until April 25, 1989. While he was in the county jail, a federal district judge on three occasions issued a writ of habeas corpus ad prosequendum for Mr. Martinez to appear in federal court: (1) for his arraignment on March 24, 1988; (2) for his entry of a guilty plea on May 3, 1988; and (3) for his federal sentence of 18 years' imprisonment on July 1, 1988.

From April 25, 1989 until October 1, 1993, Mr. Martinez served a sentence for violation of his state parole. On October 1, 1993, he was transported to a federal prison in Leavenworth, Kansas, to begin serving his federal sentence. Through an administrative process, Mr. Martinez received credit toward his federal sentence for time in the Bernalillo County jail between his federal arraignment (March 24, 1988) and the date he began serving the state parole violation (April 25, 1989).

On January 20, 1995, Mr. Martinez filed a habeas petition under 28 U.S.C. § 2255 (the "First Application"). He sought credit for the time he spent in state custody–from April 25, 1989 until October 1, 1993–against his federal term of imprisonment. In December 1995, the district court dismissed his First Application with prejudice.

In June 2004, Mr. Martinez filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Second Application"), requesting credit for the time he spent in state custody. The magistrate judge found that the "§ 2241 application is identical to the First Application. Furthermore, to the extent that this Second Application raises any new claims, these claims are predicated on the same factual basis as the First Application and Petitioner has failed to show cause or a fundamental miscarriage of justice." Rec. doc. 28, at 5 (Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 13, 2005). The

district court adopted the recommended disposition and dismissed with prejudice Mr. Martinez's § 2241 application. Rec. doc. 29 (Order, filed June 28, 2005). The district court granted Mr. Martinez's motion for leave to proceed on appeal without prepayment of fees.

## II. DISCUSSION

"No circuit . . . shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244(a). As the magistrate judge noted, Mr. Martinez similarly sought credit for his time spent in state custody in his First Application in 1995. The district court addressed and rejected his arguments in 1995, concluding that a federal sentence begins on the date a prisoner is received at the federal penitentiary, *see* 18 U.S.C. § 3585(a), and state and federal authorities have discretion as to the order of service of state and federal sentences. Rec. doc. 18, ex. 15, at 2 (Magistrate Judge's Proposed Findings and Recommended Decision, filed Nov. 22, 1995). We agree with the magistrate judge and district court that Mr. Martinez's claims under his Second Application are predicated on the same factual basis as the First Application, and we therefore are not required to consider the Second Application on appeal. *See* 28 U.S.C. § 2244(a).

### III. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal with prejudice of Mr. Martinez's § 2241 habeas application.


Entered for the Court,


Robert H. Henry
Circuit Judge