**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 3, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEFFREY JON PEVEHOUSE,

Petitioner-Appellant,

v.

JOSEPH SCIBANA,

Respondent-Appellee.

No. 06-6378

(Case No. CIV-05-1363-R)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a federal prisoner proceeding pro se, appeals the district court's

denial of his 28 U.S.C. § 2241 petition. In his § 2241 petition, Petitioner argued

that he was entitled to federal sentence credit for the time he spent in custody

between February 23, 2001, when he was arrested by state authorities, and

November 13, 2001, when he began serving his federal sentence. After

proceedings had begun in the district court, the Bureau of Prisons awarded

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not be of material assistance in
the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner federal sentence credit for the eighteen days between February 23, 2001, and March 13, 2001. Thus, only the period between March 13, 2001, and November 13, 2001, remains in dispute.

Reviewing de novo, *see Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998), we affirm. Petitioner received credit on his state sentence for all of the time between March 13, 2001, and November 13, 2001, when his federal sentence commenced. A federal prisoner is only entitled to credit for time spent in official detention prior to commencement of his federal sentence if that time has not been credited against another sentence. 18 U.S.C. § 3585(b); *see also United States v. Wilson*, 503 U.S. 329, 337 (1993); *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002). Therefore, Petitioner is not entitled to federal sentence credit for the time credited to his state sentence.

As for Petitioner's argument that § 3585(b) is unconstitutional, the district court correctly held that he had waived this argument by failing to raise it before the magistrate. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Accordingly, we **AFFIRM** the district court's dismissal of the action. Petitioner's motion for leave to proceed *in forma pauperis* is **GRANTED.**

Entered for the Court


Monroe G. McKay
Circuit Judge


-2-