FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

November 26, 2024

Christopher M. Wolpert
Clerk of Court

_____

GREGORY D. CROSBY,

     Petitioner - Appellant,

v.

M. BANUELOS, FMR DHO; A. CIOLLI, ADX,

     Respondents - Appellees.

No. 24-1364
(D.C. No. 1:24-CV-01435-LTB-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner Gregory D. Crosby, a federal prisoner proceeding pro se,[1] appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Crosby's pro se pleading, but we do not assume the role of advocate on his behalf. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In 2022, Bureau of Prison officials held a prison disciplinary hearing to address a charge that Mr. Crosby had threatened prison guards. After considering the evidence, a disciplinary hearing officer found Mr. Crosby guilty of the charge. As a result, Mr. Crosby lost 27 days of good conduct time credits.

Mr. Crosby filed a § 2241 habeas petition challenging the disciplinary proceeding on due process grounds. The district court dismissed the petition as successive because Mr. Crosby had already challenged the disciplinary proceeding in a previous § 2241 petition. Mr. Crosby filed a timely notice of appeal.[2]

We review de novo a district court's dismissal of a section 2241 petition on the pleadings. *Patterson v. Knowles*, 162 F.3d 574, 575 (10th Cir. 1998). Section 2244(a) provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." As we have explained, this provision codified the longstanding principle that "a federal court [may] decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding." *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010).

---

[2] As a federal prisoner seeking habeas relief under § 2241, Mr. Crosby is not required to obtain a certificate of appealability before appealing the denial of his petition by the district court. *See Curtis v. Chester*, 626 F.3d 540, 543 n.1 (10th Cir. 2010).

Mr. Crosby conceded before the district court that in the instant habeas action, he is challenging the same disciplinary proceeding he challenged in his previous unsuccessful § 2241 petition. Our de novo review of the record confirms this. Mr. Crosby not only seeks the same relief—restoration of the 27 days of good conduct time credits—but he also makes supporting arguments that are nearly identical to those he made in his previous § 2241 petition. Although he now argues his current petition involves a completely different disciplinary proceeding, our review of the petition belies that claim. We therefore hold that the district court committed no error in dismissing his § 2241 petition as successive.

We affirm the district court's dismissal of Mr. Crosby's § 2241 petition. We grant his motion for leave to proceed in forma pauperis.

Entered for the Court

Per Curiam